1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

STEVEN A. GEHRMAN,

                                        Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                                        Defendant.

Case No. 3:15-cv-05229-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13
14
15
16
17
18
19
20

        Plaintiff has brought this matter for judicial review of the defendant Commissioner's

denial of his applications for disability insurance benefits ("DIB") and supplemental security

income ("SSI").  Pursuant to 28 U.S.C.§636(c), Federal Rule of Civil Procedure 73 and Local

Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate

Judge.  After reviewing the parties' briefs and the remaining record, the Court hereby finds that

for the reasons set forth below, the Commissioner's decision to deny benefits is reversed and that

this matter should be remanded for further administrative proceedings.

                            FACTUAL AND PROCEDURAL HISTORY

21
22
23
24
25
26

        On August 16, 2005, plaintiff protectively filed applications for DIB/SSI, alleging

disability as of August 30, 2002, due to high blood pressure, asthma, back problems, difficulty

remembering, depression, anxiety, seizures, and muscle spasms. See Administrative Record

("AR") 24, 143.  He subsequently amended his onset date to October 30, 2003. AR 24, 101.  His

applications were denied upon initial administrative review and on reconsideration. See AR 24.

ORDER - 1

A hearing was held before an administrative law judge ("ALJ") on June 8, 2007, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 1463-90.

On September 27, 2007, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 75-89. On January 1, 2009 plaintiff filed a new SSI only claim, because his date of last insured for DIB was September 30, 2007. AR. 503.  This new SSI claim was approved on reconsideration on July 2, 2009 based on finding that plaintiff met Listings 12.02 and 12.04. AR. 545, 573-85.  Plaintiff's request for review of the September 27, 2007 ALJ's decision was granted by the Appeals Council on February 23, 2010, resulting in remand for consolidation with the subsequent SSI claim and further proceedings on all claims. See AR 68-74.

The remand hearing was held before an ALJ on March 17, 2011. AR 58.  On April 25, 2011, the ALJ found plaintiff not disabled for any period after August 30, 2002.  AR 55-67. Plaintiff's request for review was granted by the Appeals Council on September 24, 2013.[1]  AR 994-996A.  A third ALJ hearing was held on March 10, 2014 and included testimony from a medical expert. AR 1491-1518.  On August 13, 2014 the ALJ issued a partially favorable decision finding plaintiff disabled as of May 11, 2013.  AR 47.  The ALJ assessed a residual functional capacity ("RFC") of light work limited to standing/walking for six hours and sitting for six hours in an eight hour day. AR 31. Plaintiff could frequently balance, stoop, kneel, crouch, crawl, and climb and perform simple routine tasks. AR 31. Given this RFC of light work

---

[1] On September 2, 2011 the Appeals Council mistakenly reviewed the ALJ's April 29, 2009 dismissal of a hearing on the second SSI claim due to pending consolidation with the original SSI/DIB claims. The Appeals Council declined review of this decision. AR 49-50. Plaintiff then filed appeal in the United States District Court Western District of Washington at Tacoma. AR 1027-30. The parties subsequently entered into a stipulated dismissal of this appeal because it related to the ALJ dismissal of the duplicate claim rather than the April 25, 2011 ALJ decision. AR 469.

ORDER - 2

with minimal non-exertional limitations, the ALJ found plaintiff disabled as of his 55th birthday based on the Medical Vocational Guidelines. AR 46-47.  This partially favorable decision resulted in notice of overpayment for the period plaintiff received benefits prior to the ALJ decision. Dkt. 21, 2-3.

The Appeals Council denied review of the third ALJ decision on February 13, 2015.  AR 11-14.  The ALJ's decision therefore became the Commissioner's final decision after sixty days. On April 16, 2015, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF #3.  The administrative record was filed with the Court on September 17, 2015. See ECF ## 16, 17, 19, 20.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for benefits, or in the alternative further proceedings, because the ALJ erred by: (1) failing to provide legally adequate reasons for rejecting the opinion of medical expert Dr. Rack that his seizure disorder has met Listing 11.02 since 2007; (2) failing to address Listing 12.05(c) or Dr. Lysak's opinion that he met Listings 12.02 and 12.04; (3) not providing legally adequate reason for rejecting the medical opinions of Drs. Krueger, Lewis, Arenas, and Coor and treating PA-Cs Kenoyer, Fischer, and Walker; and (4) failing to consider his need for a walker or cane when formulating the residual functional capacity ("RFC").  The Court agrees the ALJ erred in evaluating the evidence from Dr. Lysak, Dr. Krueger, Dr. Lewis, and Dr. Arenas, and therefore in finding plaintiff to be not disabled.  For the reasons set forth below, the Court finds the Commissioner's decision should be reversed, and this matter should be remanded for further administrative proceedings.

ORDER - 3

1

<u>DISCUSSION</u>

2

The determination of the Commissioner that a claimant is not disabled must be upheld by

3

the Court, if the "proper legal standards" have been applied and the "substantial evidence in the

4

record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th

5

Cir. 1986); <u>see</u> <u>also</u> <u>Batson v. Comm'r of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir.

6

2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by

7

substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied

8

in weighing the evidence and making the decision." (citing <u>Brawner v. Sec'y of Health &</u>

9

<u>Human Servs.</u>, 839 F.2d 432, 433 (9th Cir. 1987))).

10

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

11

adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation

12

omitted); <u>see</u> <u>also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

13

supported by inferences reasonably drawn from the record.").  "The substantial evidence test

14

requires that the reviewing court determine" whether the Commissioner's decision is "supported

15

by more than a scintilla of evidence, although less than a preponderance of the evidence is

16

required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

17

admits of more than one rational interpretation," the Commissioner's decision must be upheld.

18

<u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence

19

sufficient to support either outcome, we must affirm the decision actually made.'" (quoting

20

<u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971))). [2]

21

22

23

24

---

[2] As the Ninth Circuit has further explained:

25

. . . It is immaterial that the evidence in a case would permit a different conclusion than that
which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
substantial evidence, the courts are required to accept them.  It is the function of the
[Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
not try the case de novo, neither may it abdicate its traditional function of review.  It must

26

ORDER - 4

I.     The ALJ's Evaluation of Opinion from Agency Reviewer William Lysak, Ph.D.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.
Sorenson, 514 F.2d at 1119 n.10.

ORDER - 5

1   the record." <u>Id.</u> at 830-31.  An examining physician's opinion is "entitled to greater weight than

2   the opinion of a nonexamining physician." <u>Lester</u>, 81 F.3d at 830-31.  A non-examining

3   physician's opinion may constitute substantial evidence if "it is consistent with other

4   independent evidence in the record." <u>Id.</u> at 830-31; <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149

5   (9th Cir. 2001).

6        On June 27, 2009, agency consultant William Lysak, Ph.D. reviewed plaintiff's

7   psychiatric record for reconsideration of the January 1, 2009 SSI application. AR 573-85. As an

8   agency consultant, Dr. Lysak is a highly qualified expert in the evaluation of the medical issues

9   in disability claims. SSR 96-6p. Dr. Lysak summarized a February 10, 2009 psychological

10  evaluation conducted by Janis Lewis, Ph.D.  Plaintiff "is malodorous, childlike and labile, crying

11  when he could not answer questions. He has marked limitations on depressed mood, motor

12  retardation… [h]e is markedly limited in caring for himself, relating to others and in tolerating

13  the pressures and expectations of a normal work setting." AR 585.  Dr. Lysak concluded plaintiff

14  had marked restrictions in his activities of daily living and marked difficulties in maintaining

15  concentration, persistence, or pace. AR 583. This qualified plaintiff for benefits under Listing

16  12.02  due to major depressive disorder with psychotic traits, and 12.04 due to severe cognitive

17  disorder NOS. AR 573-76.

18       The ALJ completely omitted any reference to Dr. Lysak's review and conclusion that

19  plaintiff met Listings and qualified for benefits. AR 24-48. The ALJ's failure to discuss this

20  opinion was error. While the ALJ "need not discuss *all* evidence presented," he must explain

21  why "significant probative evidence has been rejected." <u>Vincent on Behalf of Vincent v.</u>

22  <u>Heckler</u>, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  Here,

ORDER - 6

the ALJ did not discuss the evidence that served as the basis for plaintiff's award of benefits. The failure to acknowledge and weigh this extremely significant evidence was erroneous.

However, the Court will not reverse a decision by an ALJ in which the errors are harmless. See Molina v. Astrue, 674 F.3d 1104, 1117-22 (9th Cir. 2012). The Court must first determine whether the ALJ's error was "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion," and therefore, harmless. Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). In this case, Dr. Lysak, an agency reviewer and expert on disability found plaintiff disabled under Listings 12.02 and 12.04. Had the ALJ properly considered this opinion, plaintiff may have qualified for benefits based on these Listings. See, Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001); 20 C.F.R.§416.920(4)(iii). Therefore, the ALJ's error was highly prejudicial and resulted in a direct impact on the ultimate disability conclusion. Reversal is required.

II.    Additional Medical Opinions, RFC, and Step Five Determination

Plaintiff also alleges the ALJ did not provide legally adequate reasons for rejecting the medical opinions of examiners Keith Krueger, Ph.D., Silverio Arenas, Jr., Ph.D., and Janis Lewis, Ph.D. Dkt. 21, 1.

*A. Keith Krueger, Ph.D.*

Dr. Keith Krueger performed a psychological evaluation on September 7, 2005. AR 243-48. Dr. Krueger diagnosed cognitive disorder NOS and depressive disorder NOS. AR 244. He indicated a history of substance abuse. AR 244. Dr. Krueger observed moderate severity depressed mood, verbal expression of anxiety or fear, expression of anger, and social withdrawal, as well as marked physical complaints. AR 244. He noted marked impoverished, slow, perseverative thinking with confusion or disorientation and moderate memory defect for

recent events. AR 243. During the mental status examination, plaintiff showed marginal to poor ability for abstraction, judgment/comprehension, insight, and memory/concentration. AR 248. Dr. Krueger then opined plaintiff had moderate limitations in all cognitive factors except for marked limitations in ability to exercise judgment and make decisions. AR 245. As for social factors, plaintiff was markedly limited in his ability to interact appropriately in public contacts, respond appropriately to and tolerate the pressures and expectations of a normal work setting, and maintain appropriate behavior. AR 245. Finally, Dr. Krueger commented that plaintiff's very unusual presentation made estimating effort difficult. AR 248.

The ALJ gave Dr. Krueger's opinion little weight. AR 41-42. The ALJ found Dr. Krueger's opinion likely based on plaintiff's not credible, contradictory complaints. AR 41-42. The ALJ also found plaintiff's "demonstrated ability to engage in various outdoor activities, use public transportation, grow and irrigate his own marijuana shows a much higher level of cognitive and social functioning than reflected in the doctor's opinion." AR 42.  Plaintiff contends neither of these reasons supports rejection of Dr. Krueger's opinion.  The Court agrees in part.

The ALJ determined Dr. Krueger's opinion was based too heavily on plaintiff's subjective complaints.  "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Morgan v. Comm'r. Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (citing Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989))).  But, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, Dr. Krueger made his own observations.  As noted

ORDER - 8

above, Dr. Krueger observed depressed mood, expression of anxiety, anger and fear, and difficulties with cognition and memory. AR 243-44.  Dr. Krueger also conducted a mental status examination to obtain clinical evidence. "Like the physical examination, the Mental Status Examination is termed the *objective* portion of the patient evaluation." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 4 (Oxford University Press 1993) (emphasis in original). The mental status examination showed marginal to poor ability for abstraction, judgment/comprehension, insight, and memory/concentration. AR 248.  This objective evidence supported Dr. Krueger's assessment and limitations with respect to plaintiff's cognitive functioning. Because Dr. Krueger based his opinion on observation and mental status examination results, as well as plaintiff's subjective complaints, this was not a legitimate reason to reject his opinion regarding plaintiff's cognitive limitations. See Ghanim, 763 F.3d at 1162.

However, Dr. Krueger included few observations and no testing to support his assessment of plaintiff's social functioning.  Dr. Krueger only noted plaintiff's employment history including plaintiff's profane description of his former boss and termination after being falsely accused of poking someone in the chest. AR 245. Without objective supporting evidence, the limitations on social functioning Dr. Krueger assessed appear to result solely from plaintiff's subjective complaints. Therefore, the ALJ properly rejected this aspect of Dr. Krueger's opinion. See Tommasetti, 533 F.3d at 1041.

The ALJ also found plaintiff's activities to be inconsistent with the social and cognitive functioning limitations reflected in Dr. Krueger's opinion.  In particular, the ALJ cited plaintiff's ability to use public transportation, engage in various outdoor activities, and grow and irrigate his own marijuana. AR 42.

ORDER - 9

The ALJ made several references to plaintiff's ability to use public transportation. AR 30. However, the evidence cited for this finding is tenuous, consisting of a single statement in Dr. Silverio Arenas' psychological evaluation reporting that plaintiff walks or takes the bus. AR 363. Dr. Arenas gives no further information on plaintiff's use of public transportation, including whether he rides the bus by himself or requires someone to accompany him, and whether he can navigate the routes and schedules or needs assistance. AR 363. Furthermore, Dr. Arenas opined that plaintiff was relatively functional "within his present limited curtailed/interactive environment, but would be highly severely dysfunctional outside of that." AR 366. This suggests plaintiff can function within his comfort zone, which could extend to certain trips on public transportation. Clearly, plaintiff's capacity to utilize public transportation is unclear and open to interpretation and conjecture. The ALJ's findings on this issue are based on speculation, rather than substantial evidence. While the ALJ may draw inferences, he may not speculate. See SSR 86-8. Therefore, plaintiff's use of public transportation is not a legitimate reason supported by substantial evidence to reject either the cognitive or the social functioning limitations assessed by Dr. Krueger.

Additionally, the Court is unclear how plaintiff's outdoor activities like fishing, hunting, hiking, and tending marijuana are necessarily inconsistent with those limitations. The record merely mentions these activities without any details or descriptions of plaintiff's actual ability to accomplish them. See, AR 157, 363, 429, 524, 794, 887, 1284, 1328, 1329, 1430, 1435. The record provides no insight into the scale and scope of plaintiff's activities, or whether any of them involved dealing with other people. For example, growing and irrigating marijuana could mean anything from a few plants and a watering can to a complex operation. Without details, the ALJ is, once again, speculating that plaintiff's performance of these activities shows higher

ORDER - 10

social and cognitive ability. On this record, plaintiff's outdoor activities and tending of his marijuana plants again do not provide a legitimate reason to reject either the cognitive or the social functioning limitations Dr. Krueger assessed.

*B. Silverio Arenas, Jr., Ph.D.*

Dr. Silverio Arenas examined plaintiff on March 15, 2006. AR 360-67. Dr. Arenas diagnosed anxiety disorder, depressive disorder, cognitive disorder and borderline intellectual functioning. AR 366. He summarized his findings: "[m]ental status examination noted significant problems in the areas of appearance, attitude/behavior, affect/mood, thought flow, remote memory, recent memory, immediate memory, knowledge fund, and in attention/concentration." AR 366. Testing revealed an extremely low verbal IQ score of 69, and borderline full scale score of 73. AR 366. The Burns Depression Checklist and Anxiety Inventory suggested severe depression and extreme anxiety. AR 366. Dr. Arenas concluded "overall, the client's abilities to reason and understand, attend/concentrate, remember, pace, persist, and to tolerate/manage stress are all minimally functional, relative tot he [sic] presenting problems, within his present limited curtailed/interactive environment, but would be highly severely dysfunctional outside of that, as in any competitive work situation." AR 366. The ALJ noted Dr. Arenas' opinion and testing and summarized the results. AR 34. After summarizing the evidence, the ALJ never revisited Dr. Arenas' opinion.  The ALJ failed to include the consideration and weight given to the evidence.  However, based on the minimal mental health limitations included in the RFC—only restriction to simple routine tasks—the ALJ clearly rejected Dr. Arenas' opinion that plaintiff would be highly dysfunctional in a competitive work environment. AR 31.

ORDER - 11

The ALJ's failure to discuss rejection of Dr. Arenas' opinion was error. As noted above, the ALJ "need not discuss *all* evidence presented," but he must explain why "significant probative evidence has been rejected." <u>Vincent</u>, 739 F.3d at 1394-95.  Here, Dr. Arenas' assessment of plaintiff's significant limitations and disfunction was significant and probative evidence.  Therefore, the ALJ's failure to explain its rejection was erroneous.

*C. Janis Lewis, Ph.D.*

Dr. Janis Lewis conducted a psychological evaluation of plaintiff on February 10, 2009. AR 565-72.  She diagnosed severe cognitive disorder and major depressive disorder with psychotic traits. AR 566. He was unkempt, unshaven and malodorous. AR 569. He had difficulty with serial threes as well reciting the days of the week forward and backward. AR 569. He was slow and tangential during fund of knowledge testing. AR 569. Plaintiff cried when he could not answer questions. AR 567.  He asked for food and offered Dr. Lewis some of his "orange pills." AR 567. He had impaired judgment, no ability to abstract, poor insight, and poor to no self-awareness. AR 570. Plaintiff displayed concrete thinking and made extraneous comments. AR 567.  Dr. Lewis said "current cognitive status is *far* below what is was in college." AR 565 (emphasis in original). She opined that he was not capable of work, even in a sheltered workshop setting and needed custodial care. AR 568.

The ALJ rejected Dr. Lewis' opinion for the same reasons he rejected Dr. Krueger's opinion. AR 43. According to the ALJ, Dr. Lewis' assessment was "likely based on the claimant's not credible, contradictory complaints during the examination." AR 43. Also, plaintiff's use of public transportation, outdoor activities, and ability to grow and irrigate his own marijuana "shows a much higher level of cognitive and social functioning than reflected in the

ORDER - 12

doctor's opinion." AR 43. As with Dr. Krueger, these reasons do not support the ALJ's rejection of Dr. Lewis' evaluation.

During the evaluation, Dr. Lewis made independent observations of plaintiff's mental health symptoms and gave objective evidence from a mental status examination. Dr. Lewis noted an unkempt appearance and severe cognitive difficulties. She observed concrete and tangential thinking, as well as little capability for abstraction, judgment, insight, or self-awareness. AR 567-59. These significant clinical findings supported Dr. Lewis' opinion that plaintiff was not capable of work, even in a sheltered workshop setting. AR 568. Dr. Lewis' observations also support the significant social limitations assessed. Plaintiff was malodorous, childlike, cried easily, and asked inappropriate questions. Because Dr. Lewis' opinion was not based more on plaintiff's subjective complaints, improper reliance on plaintiff's unreliable report was not a specific or legitimate reason to reject her assessment. See Ghanim, 763 F.3d at 1162.

Similarly, the ALJ also improperly rejected Dr. Lewis' opinion due to plaintiff's ability to use public transportation, engage in outdoor activities, and grow and irrigate marijuana plants. AR 43. As above, plaintiff's capacity to use public transportation and perform outdoor activities is based on conjecture, rather than substantial evidence and is not a legitimate reason to discard Dr. Lewis' opinion. Once again, rejection of a severe mental health assessment was erroneous.

*D. RFC and Step Five*

The ALJ improperly rejected Drs. Krueger, Arenas, and Lewis' opinions expressing severe mental impairment. However, the Court will not reverse a decision by an ALJ if the errors are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion," and therefore, harmless. Stout, 454 F.3d at 1055.

ORDER - 13

After improperly discounting the multiple assessments of marked mental health limitations, the ALJ assigned a minimal mental health related RFC restriction to simple routine tasks and then relied on the Medical Vocational Guidelines ("MVGs") to determine plaintiff was not disabled prior to his 55th birthday.  AR 31, 46-47. The MVGs or "Grids" "are a set of tables that direct a conclusion of disability or nondisability based on four factors: physical ability, age, education, and work experience." Stone v. Heckler, 722 F.2d 464, 468 (9th Cir. 1983).  The Grids are based on strength factors.  Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ may use the MVGs in lieu of the testimony of vocational expert when the Grids accurately and completely describe a claimant's abilities and limitations. Reddick v. Chater, 157 F.3d 715, 729 (1998). This applies when the claimant's limitations are exertional, or both exertional and non-exertional, unless the non-exertional impairments are sufficiently severe to significantly limit the range of work permitted by the exertional limitations.  Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007).

Mental health impairments are non-exertional. Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988); 20 C.F.R. pt. 404, Subpt. P, App. 2§200.00 (e). The marked limitations assessed in the examining psychologists' opinions would likely have necessitated additional RFC restrictions to accommodate plaintiff's mental impairments. Given the severity of the evaluations, the additional non-exertional limitations would have significantly limited the range of work available. Therefore, "the predicate for using the grids—the ability to perform a full range of either medium, light or sedentary activities—is not present" and the MVGs are inapplicable. See Burkhart, 856 F.2d at 1341. The ALJ's step five finding, based solely on the MVGs, is erroneous and the ultimate determination of disability was directly impacted. The

ORDER - 14

ALJ's rejection of the opinions given by Drs. Krueger, Arenas, and Lewis was harmful error requiring reversal.

III.     Remand For Further Proceedings

Plaintiff contends the ALJ's failure to properly evaluate the various opinions means they should be credited as true and benefits should be awarded on remand. Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (quoting Smolen, 80 F.3d at 1292). After determining the ALJ made a harmful legal error, the Court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" Dominguez v. Colvin, No. 13-17380, 2015 WL 8600040, at *3 (9th Cir. 2015) (quoting Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101 (9th Cir. 2014). Here, the record is not free from outstanding issues that must be resolved. See id.

The ALJ's failure to correctly weight the various medical opinions resulted in a disability determination that is not supported by substantial evidence. See Hill v. Astrue, 698 F.3d 1153, 1161-62 (9th Cir. 2012). Additional proceedings are necessary to reconsider the medical

ORDER - 15

evidence and determine the correct RFC. It is the job of the ALJ, not this Court, to consider how plaintiff's impairments affect the formulation of the RFC. Dominguez, 2015 WL 8600040, at *5 12. 20 C.F.R.§416.927(d)(2).

Additionally, "the record as a whole creates serious doubt that [plaintiff] is, in fact, disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014). The ALJ found plaintiff lacking in credibility. AR 32. Plaintiff has not challenged this finding. Dkt. 21, 1. As part of that credibility determination, the ALJ noted plaintiff participated in a variety of physical outdoor activities like hiking and fishing despite allegations of extreme physical limitations including required use of a walker or wheelchair. AR 41, 363, 429, 1364, 1375, 1430, 1435. The ALJ also found indications of symptom exaggeration and narcotic seeking behavior. AR 39, 350. This suggests plaintiff has fewer limitations than alleged and raises doubt as to his disability. Therefore, the proper remedy is remand for further proceedings.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 1st day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 16